IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH GUSLER, as Trustee of the SUSQUEHANNA LABORERS COMBINED HEALTH AND WELFARE FUND and SUSQUEHANNA LABORERS COMBINED PENSION FUND,<br>    Plaintiffs<br><br>v.<br><br>COMMERCIAL SPRAY INSTALLATIONS,<br>    Defendant | :<br>:    Civil Action No. 1:11-cv-2039<br>:<br>:<br>:    (Chief Judge Kane)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>MEMORANDUM ORDER</u>**

Presently pending before the Court is Plaintiffs' motion for default judgment. (Doc. No. 5.) As Defendant Commercial Spray Installations has yet to appear or defend in this action, there is no opposition to the motion. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**

On November 2, 2011, Plaintiffs brought this action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145. Plaintiffs alleged that Defendant is a party to a multi-employer collective bargaining agreement ("the Agreement"), which requires Defendant to make contributions to the Susquehanna Laborers Combined Health and Welfare Fund and Susquehanna Laborers Combined Pension Fund ("the Funds") and requires Defendant to pay liquidated damages and interest in the event that it fails to make timely contributions. (Doc. No. 1 ¶¶ 9-12.) Specifically, the Agreement provides that in the event that Defendant failed to make timely contributions, the following charges would be assessed against Defendant: (1) interest at the rate

of one percent of the delinquent amount; (2) liquidated damages in the amount of twenty dollars, or ten percent, whichever is greater; and (3) all expenses, including attorney's fees, incurred in the collection of the delinquent contributions. (Id. ¶ 12.) Plaintiffs aver that Defendant failed to timely remit its required contributions in the amount of $4,700.59 for the months of September and October, 2011 and therefore Plaintiffs are entitled to liquidated damages and interest in the amount of $493.85. (Id. ¶¶ 13, 14.) Plaintiffs aver that they are entitled to payment of these amounts, plus costs incurred in this action, including filing fees in the amount of $350.00, service fees in the amount of $187.50, and attorney's fees in the amount of $420.00. (Doc. No. 1.)

In their motion for default, Plaintiffs ask the court to enter judgment in the amount of $6,101.94. (Doc. No. 5.) In an affidavit attached to the motion, Charles Johnston, attorney for Plaintiffs, declares that Defendant owes Plaintiffs $5,194.44, plus filing fees in the amount of $350.00, service fees in the amount of $137.50[1], and attorney's fees in the amount of $420.00. (Doc. No. 5-1.) In a separate affidavit in support of the motion for default judgment, Mr. Johnston explains how the attorney's fees were calculated. (Doc. No. 8.) In this affidavit, Mr. Johnston apprises the Court of his experience as an attorney; declares that he worked for a total of two hours on this case, at a rate of $210 per hour; and explains that a rate of $210 per hour is a reasonable rate based on prevailing market rates for similar services by lawyers of reasonably comparable skill, experience, and reputation in central Pennsylvania. (Id. ¶ 1-11.)

The record shows that although Defendant was properly served with the summons,

---

[1] This amount is $50 less than the $187.50 for service fees noted in the complaint; however it is consistent with their request for judgment in the amount of $6,101.94.

complaint, and other pertinent documents (Doc. No. 3), Defendant has not appeared, answered, moved, or otherwise responded to the pleading. After several weeks without response from Defendant, Plaintiffs requested, and the clerk entered, default against the Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. Nos. 4, 6.) Now before the Court is Plaintiffs' motion for entry of default judgment. (Doc. No. 5.)

## II.   DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default does not entitle a claimant to default judgment as matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either render default judgment or refuse to render default judgment rests in the discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c). As the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis. When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, it is clear that the factors weigh in favor of granting a default judgment. First, there is a risk of prejudice to Plaintiffs if default is denied, as there is a risk of prejudice to the beneficiaries of the Funds if Defendant's contributions are not made. Second, Defendant has not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment. Finally, the Court can find no excuse or reason for Defendant's default other than its own conduct. Plaintiffs have shown that Defendant was personally served with all of the required documents over a month ago. (Doc. No. 3.) Despite this, Defendant has neither engaged in the litigation process nor offered any reason for its failure to appear. The Court therefore finds that Defendant is personally culpable for its failure to appear and that there is no basis in the record to excuse this conduct. Accordingly, the Court finds that default judgment is due.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). The allegations in the complaint, taken as true, are sufficient to show a violation of ERISA section 515. See 29 U.S.C. § 1145 ("Every employer

who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with terms and conditions of such plan or such agreement.")  The complaint sufficiently alleges that Defendant failed to remit timely contributions to Plaintiffs for the months of September and October, 2011.  (Doc. No. 1 ¶ 13.)

If a court enters judgment in favor of the plan fiduciary, the court shall award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages provided for under the plan in an amount not in excess of twenty percent of the unpaid contributions; (4) reasonable attorney's fees and costs; and (5) other relief the court deems appropriate.  29 U.S.C. § 1132(g)(2).  As damages, Plaintiffs claim to be entitled to an award of $6,101.94, consisting of unpaid contributions, liquidated damages, attorney's fees and costs.  The Court finds that these categories of damages are properly recoverable under section 1132(g)(2) and the Agreement.  Thus, the Court will award Plaintiffs each of these categories of damages.

The Court also finds that the request for attorney's fees is reasonable.  In assessing a request for attorney's fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter.  Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  The party seeking the attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed."  Id. at 1183; E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa.

2005) (citing Hensley, 461 U.S. at 433).  An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).  Here, counsel for Plaintiffs has cited a survey published by Altman Weil, a leading law firm consultant, which found a median hourly rate in 2005 of $195 per hour for associates in the Middle Atlantic region, and a median rate in 2005 of $305 per hour for employee benefits partners.  (Doc. No. 8 ¶ 12.)  The Third Circuit has approved of the use of such surveys in the calculation of reasonable hourly rates.  See Maldonado, 256 F.3d at 187 (approving the use of the fee schedule established by Community Legal Services, Inc., to determine the reasonableness of hourly rates).  As Mr. Johnston charged a rate of $210 per hour, an amount significantly less than the median rate of $305 per hour for employee benefits partners, the Court finds the hourly rate to be reasonable.  The Court also finds the amount of hours expended, two, to be reasonable.  Thus, the Court will approve the request for attorney's fees in the amount of $420.

### III.    CONCLUSION

**ACCORDINGLY**, on this 23rd day of January 2012, **IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment (Doc. No. 5) is **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendant in the sum of $6,101.94.

S/ Yvette Kane
Yvette Kane, Chief Judge

United States District Court
Middle District of Pennsylvania